92 133
r194s 138

</div>

## Patrick E. Martin, Adm'r, v. Chicago & N. W. Ry. Co.

1. PRACTICE—*Where the Court Should Direct a Verdict.*—When the testimony in a case on trial before a court and jury is such that it would be the duty of the court, if a verdict should be returned for the plaintiff, to set it aside for want of sufficient evidence to support it, then it is the duty of the court, upon motion, to direct a verdict for the defendant.

2. BURDEN OF PROOF—*Death from Negligent Act.*—Where the declaration avers that a person died from injuries received by being run over by an engine, such averment must be sustained by proof.

3. PRESUMPTIONS—*That Life Continues.*—Where a person is shown to be living, the presumption is that life continues until the contrary is shown.

**Trespass on the Case.**—Death from negligent act. Appeal from the Superior Court of Cook County. Heard in the Branch Appellate Court at the March term, 1900. Affirmed. Opinion filed November 20, 1900.

**Statement.**—This suit was commenced in the court below by plaintiff in error to recover from defendant in error, damages for the killing of James McDonough. At the conclusion of all the testimony offered by both parties, the trial judge directed the jury to render a verdict in favor of the defendant. Upon such verdict a judgment was entered against plaintiff for costs. The case is now before this court by writ of error.

The deceased was a locomotive engineer in the employ of defendant. At the time of the accident he was proceeding from his home to take his engine and go out upon the road. The accident occurred a little west of Fortieth avenue in the city of Chicago, about 4:22 P. M., Sunday, January 16, 1898. Deceased was first seen at the place of the accident, lying upon his back between the rails of one of defendant's tracks which ran east and west, his head near the south rail and his feet across the north rail. The record does not show that any one saw him go to the place of the accident. It was not at a regular crossing. Counsel for plaintiff claims that he was probably crossing the track of defendant diagonally, going from his house to the roundhouse to take his engine. So far as the testimony shows, no one saw the deceased from the time he entered upon the railroad grounds until after the engine ran over him, except the engineer and fireman upon the engine. There were wounds on the head of deceased and both of his feet were cut off by the engine passing over them. He did not move at any time after he was seen lying between the rails. The wheels of the engine passed over his feet, but those of the tender did not. When the engine stopped the body was between the engine proper and the tender. Immediately

after the engine stopped, the conductor of the train and the fireman drew the body from the rails out upon the adjacent platform. He was then, as they say, apparently dead. There was but little hemorrhage even from the wounds caused by cutting off the feet. The fireman says that he noticed a tremor of the muscles of the limbs, a sort of twitching. The body was not dragged or rolled by the engine.

The engine was what is known as a "Mogul" and so far as this record shows it was properly equipped with all the necessary appliances for stopping it quickly. The engineer and fireman testify that from the time the object on the track was discovered to be a man everything was done that could be done to stop the engine before reaching the place where he lay. They state in detail what was done by the engineer to stop his engine. The only testimony even tend·· ing to show that there was any negligence in stopping the engine is that of two engineers called as experts who testify that an engine running at the rate of speed here shown can be stopped, if properly managed, in a distance less than that given by the engineer and fireman as the distance of the man from the engine when it was seen that there was a man on the track.

JAMES C. McSHANE, attorney for plaintiff in error.

E. E. OSBORN, attorney for defendant in error; LLOYD W. BOWERS and A. W. PULVER, of counsel.

MR. JUSTICE HORTON delivered the opinion of the court.

As we had occasion recently to say (Gen. No. 8931 not yet reported):

"We understand the rule in this State to be, that when the testimony in a case on trial before a court and jury, is such that it would be the duty of the court, if a verdict should be returned in favor of the plaintiff, to set the same aside for want of sufficient evidence to support it, that then it is the duty of the trial court, upon motion to that effect duly made, to instruct the jury to return a verdict of not guilty."

After a careful examination of the testimony in the case at bar we are satisfied that the trial court did right in directing a verdict of not guilty. The testimony does not sustain the charge in the plaintiff's declaration that an engineer in the employ of defendant " recklessly, carelessly and negligently " drove and ran an engine upon or against the deceased whereby he was so seriously injured that he died.

The *onus* is upon the plaintiff to show the negligence charged. For this purpose they call as a witness the fireman upon the engine which ran over the deceased. The defendant called the engineer in charge of that engine. Their testimony is summarized in the foregoing statement. They are the only persons having any knowledge of the facts. There is no contention or intimation that they are in any respect otherwise than truthful.

Again the declaration avers that the intestate died from injuries received by being run over by said engine. It was necessary that this averment should be sustained by the proof. Generally speaking, where a person is shown to be living the presumption is that life continues until the contrary is shown. Without here reviewing the testimony at length, we may say, that it tends very strongly to show that the deceased was in fact dead before the engine reached him. Substantially all the circumstances point to and are consistent with that contention.

On behalf of the plaintiff it is said that the trial court erred in excluding testimony offered to show that at the time of the accident, employes of defendant were accustomed to cross the tracks at the place where this accident occurred. In the view we take, and have above sought to express, such testimony was immaterial and was properly excluded. If the intestate was not killed by being run over by the engine, or if his death was not caused by the negligence charged in the declaration, it is immaterial whether he was or was not rightfully crossing the tracks of defendant.

The judgment of the Superior Court must be affirmed.